UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:  Patrick L. Voll and
        Linda P. Voll,
                          Debtors.

Case No. 13-31058
Chapter 13

Memorandum-Decision and Order Finding a Willful Violation of the Automatic Stay

Patrick L. Voll and Linda P. Voll[1] seek sanctions against the New York State Department of Taxation and Finance[2] for alleged violations of the automatic stay (Doc. No. 18) ("Motion"). In its opposition papers (Doc. No. 22), the Tax Department does not contest the underlying facts, but challenges the legal conclusion that it willfully violated the stay. In addition to their initial pleadings, the parties filed memoranda of law in support of their respective legal positions (Doc. Nos. 35, 36). A hearing on the Motion was held on October 29, 2013, at which appeared James F. Selbach, Esq., on behalf of Debtors, Assistant Attorney General Norman P. Fivel, Esq., on behalf of the Tax Department, and Lynn Harper Wilson, Esq., for the chapter 13 trustee.

The following facts are undisputed. Prior to commencement of the case, the Tax Department served an income execution on Debtor's employer, Berry Plastics Corporation, which resulted in the weekly garnishment of Debtor's wages to satisfy a 2012 tax warrant.[3] Subsequently, on June 7, 2013, Debtors filed bankruptcy; on that same day Debtors' counsel sent a letter to the Tax Department notifying it of the bankruptcy filing and requesting that the referenced income execution cease (Doc. No. 18, Ex. A). Debtors scheduled the Tax Department as a creditor in their bankruptcy schedules and referenced the outstanding tax warrant. The Tax Department was properly listed at the address designated by the Department

---

[1] Hereinafter, collectively "Debtors," with Linda P. Voll referred to as "Debtor."
[2] Hereinafter, referred to as "Tax Department" or "Department."
[3] The payment advice statements filed by the Debtor reflect that the garnishment went into effect on May 10, 2013 and deductions continued weekly thereafter (Doc. No. 2).

1

for receipt of all bankruptcy notices.[4] On June 9, 2013, the Bankruptcy Noticing Center sent the Tax Department an official notice of commencement of the case (Doc. No. 9), which the Department admits receiving on June 12, 2013.

The Tax Department responds that upon its receipt of notice of Debtors' case filing, on June 12, 2013, it "immediately placed [a hold] on all collection action against the Debtors and the income execution against Debtor Linda Voll was marked 'closed'" (Doc. 22, ¶ 2). Six days later, on June 18, 2013, the Tax Department mailed its release of the income execution to the Debtor at her residence and to her employer at a post office box in Evansville, Indiana ("Release") (*Id.* ¶ 2, Exs. A and B). The mailed Release was the first and only notice provided by the Department to Debtor's employer to cease the garnishment of Debtor's wages. After mailing the Release, the Tax Department took no further action.

Notwithstanding the Department being on notice of Debtors' June 7 filing and its issuance of the Release, the garnishment of Debtor's wages continued from paychecks issued on June 14, June 21, June 28 and July 5, 2013.[5] It was not until Debtors filed the present Motion that the Tax Department became aware of the continuing post-petition garnishment of Debtor's wages on its behalf (Doc. No. 22, ¶ 5). Upon receipt of the Motion, the Department promptly returned the funds improperly deducted from Debtor's post-petition wages.[6]

It is well settled that the filing of a bankruptcy petition "[gives] rise, by operation of law, to an automatic stay which stays almost all actions to collect preexisting indebtedness, including garnishment [of a debtor's wages]." *In re Briskey*, 258 B.R. 473, 476 (Bankr. M.D. Ala. 2001);

---

[4] That address is: New York State Dept. of Taxation, Bankruptcy Section, P.O. Box 5300, Albany, NY 12205-0300. As acknowledged on the record, the Tax Department has designated this post office box address expressly for the purpose of receiving correspondence related to bankruptcy filings (Doc. No. 18, Ex. C). This was also the address utilized by Debtors' counsel in his June 7, 2013 correspondence.

[5] The average weekly deduction was $46.64, for a total of $192.98 deducted from Debtor's post-petition wages (Doc. No. 18, Ex. E).

[6] Nine weeks elapsed from the first unauthorized deduction until the Department refunded the Debtor's money.

*see* 11 U.S.C. § 362(a)(2); *In re Parry*, 328 B.R. 655 (Bankr. E.D.N.Y. 2005); *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340 (Bankr. S.D.N.Y. 1998). No additional action by the debtor or the court need be taken in order for the stay to arise. *See In re Briskey*, 258 B.R. at 476.

It is equally well established that creditors must be proactive in reversing collection measures that they have put in place against a debtor pre-petition. *See, e.g., In re Bailey*, 428 B.R. 694, 698-99 (Bankr. N.D. W. Va. 2010); *In re Schultz*, No. 07-64144, 2009 WL 2872858, at *3-5 (Bankr. N.D.N.Y. Feb. 20, 2009); *In re Parry*, 328 B.R. at 659. "[O]nce a creditor has put the wheels of collection in motion against a judgment debtor, upon learning of the filing of a bankruptcy by that debtor, the creditor must [e]nsure that the wheels of collection come to an immediate halt." *In re Schultz*, 2009 WL 2872858, at *4. In doing so, the creditor cannot shirk its responsibility and look to a garnishee to implement the stay. *See id.* at *5; *In re Bailey*, 428 B.R. at 699; *In re Elder*, 12 B.R. 491, 494-95 (Bankr. M.D. Ga. 1981). Nor, can the creditor's duty be shifted to the debtor. *See In re Parry*, 328 B.R. at 658-59; *Ledford v. Tiedge (In re Sams)*, 106 B.R. 485, 490 (Bankr. S.D. Ohio 1989).

Section 362(k) governs violations of the automatic stay and provides that an injured party may recover for any "willful" violation of the stay. 11 U.S.C. § 362(k). "Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *Landsdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.)*, 977 F.2d 826, 829 (3d Cir. 1992); *see Crysen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d Cir. 1990). Further, "[a] failure to act by a creditor . . . , where the creditor had knowledge of the bankruptcy filing, may likewise be a violation of the automatic stay." *In re Parry*, 328 B.R. at

3

658 (finding a violation where the creditor failed to release a lien on the debtor's bank account); *see In re Bailey*, 428 B.R. at 699 (finding a violation where the creditor failed "to take timely and effective acts to release the garnishment on the [d]ebtor's wages"); *In re Sams*, 106 B.R. at 488-91 (finding a violation where the creditors failed to cease prosecution of their foreclosure action).

Here, although the Department received notice of Debtors' filing on June 12, 2013, and internally marked its file as closed, it took no immediate, affirmative action to effectively terminate the garnishment. With knowledge of the injunction imposed by federal law, the Department sat by for six days. Its action on the seventh day—mailing the Release to Debtor and her employer—proved ineffective to immediately halt the garnishment. In this court's opinion, it is unacceptable to passively thwart a federal injunction of which one has knowledge by sitting back and allowing acts that are enjoined to continue.[7] When a debtor's wages are subject to garnishment, the creditor must take immediate action to effectively address its termination.[8]

It is not for this court to dictate the proper protocol that the Department should follow upon receipt of a bankruptcy notice, nor, would it presume to do so. What is apparent, however, is that the procedure followed by the Tax Department in this instance failed both in its inattention to detail and delayed implementation. Upon receipt of the notice, it would have been a prudent course of conduct for the Department to have immediately telephoned the Debtor's employer to obtain the email, fax and direct telephone number of the department head who processes payroll.

---

[7] The court takes judicial notice of the fact that a letter sent on a Friday from Syracuse (as was Debtors-counsel's letter to the Tax Department) would generally arrive in Albany the following Monday. As such, the Department may have had up to an additional two days' notice of Debtors' filing before it chose to act. Even so brief a delay, in this court's opinion, is unacceptable. A creditor on notice of a bankruptcy filing is immediately enjoined from acts that violate the automatic stay. A noticed creditor may not act, or fail to act, in a manner that is inconsistent with the automatic stay, unless that act or omission is specifically permitted under federal law.

[8] The court does not decide whether the Department would be liable if Debtor's employer had continued to garnish Debtor's wages after the Department had promptly and decidedly communicated instructions to the appropriate point person to terminate the garnishment. That issue is not before the court.

4

A further call could then have alerted that person that a release of a pending garnishment would be immediately forthcoming, followed by a facsimile or electronic transmission of the Release and Notice of Commencement. Standard mail of the original Release could then have followed, if requested or required. Had such a course been taken by the Department, it is unlikely that Debtor's wages would have continued to be garnished post-petition. The Tax Department is free to develop its own corrective procedures. It must be mindful, however, that it has the affirmative duty "to develop sufficient procedures to avoid the continuation of its collection efforts once a [bankruptcy] petition has been filed." *In re Santa Rosa Truck Stop, Inc.*, 74 B.R. 641, 643 (Bankr. N.D. Fla. 1987).

The court recognizes that in New York the garnishment of a judgment debtor's wages is accomplished by service of an income execution rather than by the commencement of a supplemental judicial proceeding. The court also recognizes that some of the cases cited by the Debtors and relied on by this court emanate from jurisdictions where garnishment is instituted by a supplemental judicial proceeding. The court finds, however, that this distinction is not controlling. The parties cite no authority to indicate that the procedure required by state law to effect a garnishment alters the creditor's duty to ensure that the garnishment ceases. If anything, New York law makes it appreciably easier for a garnishing creditor to satisfy its affirmative duty.

Finally, this court rejects the argument that given the size and complexity of the Tax Department's operations, it is unable to promptly respond to notice of a bankruptcy filing. Courts have rejected this argument when it has been advanced by large financial institutions and, notably, the Internal Revenue Service. *See, e.g., United States v. Germaine (In re Germaine)*, 152 B.R. 619, 629 (B.A.P. 9th Cir. 1993) ("No private entity in similar circumstances would be permitted to justify its violation of the automatic stay on the basis of its complexity or inability to

5

respond. Any entity, no matter how large or convoluted, must observe the automatic stay and the protections afforded the debtor thereunder."); *United States v. Fernandez (In re Fernandez)*, 132 B.R. 775, 779 (M.D. Fla. 1991) ("[T]he size and complexity of the I.R.S. does not excuse its disregard for the automatic stay."); *In re Solis*, 137 B.R. 121, 132-33 (Bankr. S.D.N.Y. 1992); *In re Shafer*, 63 B.R. 194, 198 (Bankr. D. Kan. 1986). It is this court's opinion that the Tax Department should be held to the same standard.

Based upon the undisputed facts, the court finds that the Tax Department's acts and omissions constitute a willful violation of the automatic stay. An evidentiary hearing to determine damages will be scheduled by separate order.

So Ordered.

Dated: November 6, 2013
      Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge